**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-03267-RMR-KMT

AUDREY KANE,

      Plaintiff,

v.

QUORUM HEALTH RESOURCES, LLC, a Delaware Corporation, and

PROWERS COUNTY HOSPITAL DISTRICT d/b/a PROWERS MEDICAL CENTER,

      Defendants.

---

**UNOPPOSED PLAINTIFF'S MOTION TO PLACE EXHIBITS UNDER FILING RESTRICTIONS**

---

      Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2, Plaintiff moves to place Level 1 filing restrictions on Exhibits K1, K3, and K38 filed with Plaintiff's Responses to the Defendants' Motions for Summary Judgment (hereafter "Responses") [CM/ECF Dkt. Nos. 87 – 90]. In support of this Motion, Plaintiff states as follows:

    1.  Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff's counsel conferred with counsel for Defendant Quorum Health Resources ("QHR") and counsel for Defendant Prowers County Hospital District d/b/a Prowers Medical Center ("PMC"); Defendants do not oppose this motion.

    2.  Exhibit K1 [CM/ECF Dkt. Nos. 88-1 and 90-1] includes Plaintiff's annual performance reviews. Pursuant to the Colorado Open Records Act (CORA), C.R.S. § 24-72-204, Plaintiff has a legitimate expectation of privacy and a right to non-disclosure of her personnel records. *Martinelli v. District Court In and For City and County of Denver,* 199 Colo. 163, 612

P.2d 1083, 1091 (Colo. 1980). If access to this document is not restricted, Plaintiff's expectation of privacy will be violated.

3.   Exhibit K3 [CM/ECF Dkt. Nos. 88-3 and 90-3] includes a five-year old, third-party assessment of Plaintiff based, in part, on Plaintiff's candid answers to personal questions. Pursuant to the Colorado Open Records Act (CORA), C.R.S. § 24-72-204, Plaintiff has a legitimate expectation of privacy and a right to non-disclosure of her personnel records. *Martinelli v. District Court In and For City and County of Denver*, 199 Colo. 163, 612 P.2d 1083, 1091 (Colo. 1980). If access to this document is not restricted, Plaintiff's expectation of privacy will be violated.

4.   Exhibit K38 [CM/ECF Dkt. Nos. 88-22 and 90-22] includes confidential personnel investigation documents relating to a third-party's involvement in events leading up to the termination of a PMC employee who is not a party to this litigation. The investigation documents reference personnel actions and a potential medical diagnosis (pg. 2, ¶ 1.). If access to this document is not restricted, medical information regarding a non-party would be disclosed and may result in stigmatization of the employee. Further, the employee has an expectation of privacy and a right to non-disclosure of her personnel records. C.R.S. § 24-72-204 and *Martinelli, supra.* If access to this document is not restricted, this non-party's expectation of privacy will be violated.

5.   On February 21, 2020, the Court entered the Parties' Stipulated Qualified Protective Order ("Protective Order") [CM/ECF Dkt. No. 42]. Under the Protective Order, the parties are permitted to designate information as "CONFIDENTIAL" if that information "implicates common law or statutory privacy or confidentiality interests such as: (a) protected health

information within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, et seq.; (b) personnel records of current or former employees of Defendants; (c) Defendants' trade secrets and commercial or financial information that are either privileged or confidential (d) Audrey Kane's medical, financial, and tax records."

6.   Exhibits K1, K3 and K38 to Plaintiff's Responses are documents that were marked as "CONFIDENTIAL" pursuant to the parties' Protective Order. Per that Protective Order, information designated as CONFIDENTIAL "shall not be disclosed or used for any purpose except for the preparation and trial of this case." And furthermore, "CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to: (a) attorneys actively working on this case; (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; (c) the parties, including designated representatives for Defendants; (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; (e) the Court and its employees ("Court Personnel"); (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; (g) deponents, witnesses, or potential witnesses; and (h) other persons by written agreement of the parties."

7.   Redaction of the confidential information in these exhibits is not practicable. Either all or the substantial majority of the information set forth in each exhibit is nonpublic information that is highly sensitive, such that its release would irreparably harm Plaintiff (Exhibits K1 and K3) or

the non-party employee (Exhibit K38). No less intrusive alternatives will provide Plaintiff or the non-party with adequate protection from harm.

8.   Plaintiff is requesting restriction of only certain documents. The remaining exhibits filed with a Level 1 restriction are documents designated as "CONFIDENTIAL" by Defendants and for which one or both Defendants bear the burden of establishing justification for any continuing restrictions on access of such documents.

9.   Level 1 restriction in CM/ECF is the least restrictive means available to protect the information discussed above.

10. For the reasons set forth above, Plaintiff respectfully requests that this Court grant this Motion to Restrict and maintain Exhibits K1, K3 and K38 to Plaintiff's Responses to Defendants' Motions for Summary Judgment at a Level 1 filing restriction.

Respectfully submitted this 3rd day of November, 2021.

*s/ Hollie L. Wieland*
Hollie L. Wieland
Sears & Associates, P.C.
2 N. Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Phone: (719) 471-1984
Fax: (719) 577-4356
Email: hollie@searsassociates.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2021, a true and correct copy of the

foregoing was filed with the Court's CM/ECF system, which will automatically send e-mail

notification to the following attorneys of record:

Heath Edwards
Mark Peters
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
615-244-6380
heath.edwards@wallerlaw.com
mark.peters@wallerlaw.com

Michael A. Freimann
Greenspoon Marder LLP
1144 15th St., Suite 2700
Denver, CO 80202
303-741-1111
michael.freimann@gmlaw.com
*ATTORNEYS for DEFENDANT*
*QUORUM HEALTH RESOURCES,*
*LLC*

Raymond Deeny
John Terry Melcon
Sherman & Howard, L.L.C.
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80203
719-475-2440
rdeeny@shermanhoward.com
jmelcon@shermanhoward.com

Heather Fox Vickles
Sherman & Howard, L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
303-299-8194
hvickles@shermanhoward.com
*ATTORNEYS for DEFENDANT*
*PROWERS COUNTY HOSPITAL*
*DISTRICT d/b/a PROWERS MEDICAL*
*CENTER*

*/s/ Jennifer B. Buckley*
Jennifer B. Buckley